MORRIS BRODMAN, RESPONDENT, v. CHARLES RADE, APPELLANT.

Submitted November 7, 1924—Decided January 19, 1925.

This was an action in the Supreme Court on *quo warranto* by Morris Brodman against Charles Rade for the office of secretary of the board of health of Bayonne. The case was tried at the Hudson Circuit before Judge Cutler, without a jury, by consent. The relator had judgment and defendant appeals to this court. Judge Cutler, in the court below, filed the following opinion:

"It appearing from the written stipulation in this case that the plaintiff, Morris Brodman, had been a soldier in the recent war in which the United States was engaged, having entered into the service of the United States government on April 3d, 1918, as a private, first class, in the machine gun company, three hundred and tenth infantry, which was part of the seventy-eighth division, from which he was honorably discharged on April 2d, 1919.

"On May 20th of the same year he was appointed secretary of the board of health of the city of Bayonne, and served as such from the date of his appointment to June 12th, 1923, when a resolution was passed by the board of health of that city for the purpose of removing the said Morris Brodman from such office, appointing Charles Rade in his place and stead.

"The term of the secretary of the board of health of the city of Bayonne is not fixed by law and has not previously been fixed by law.

"No charges of improper behavior were made against Morris Brodman, but his removal was caused without charges being preferred and without a hearing.

"The first section of an act of the legislature of this state, approved March 13th, 1922, entitled 'An act to amend an act entitled "An act to amend an act entitled 'An act regarding soldiers, sailors and marines honorably discharged from the

United States service,'·approved March 27, 1907, approved April 11th, 1919,"' laws of 1922, page 395, provides, among other things, as follows: 'No person now holding a position or office under the government of this state, or the government of any county, city, town, township or other municipality of this state, or under any board of education of this state, or who may hereafter be appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from such state, county, city, town, township or other municipality, or such board of education, who is a soldier, sailor or marine, who has served in any war of the United States, and has been honorably discharged from the United States service prior to or during such employment in or occupany or such position or office, shall be removed from such position or office except for good cause shown on a fair and impartial hearing, but such soldier, sailor or marine who has served in any war of the United States, and who has been honorably discharged from the United States service, shall hold his position or office during good behavior, and shall not be removed for political reasons.'

"Brodman claims that defendant, acting on the resolution of the board of health and his appointment by such board, usurped, intruded into and unlawfully held, used and exercised the said office of secretary of the board of health of the city of Bayonne, to the exclusion of the said Morris Brodman, and brings this information in the nature of a *quo warranto* against the said Charles Rade to show by what warrant he claims to hold such office, &c.

"The defendant replies that the position of secretary of the board of health of the city of Bayonne is not an office within the scope and meaning of an act entitled 'An act relating to information in the nature of a *quo warranto* (Revision of 1903),' *Comp. Stat., p.* 4210, and, therefore, this action will not lie to determine the defendant's title to said position.

"The defendant also contends that the position of secretary to the board of health of the city of Bayonne is not a position or an office under the scope and meaning of the act of 1922, heretofore referred to. It is undoubtedly true that if Brod-

man does not hold an office, distinguished from a position, he cannot proceed by *quo warranto*, but must resort to some other remedy.

"In the case of *Fredericks* v. *Board of Health*, 82 *N. J. L.* 200, it was held by the Supreme Court that 'an office is a place in a governmental system created or recognized by, the law of the state which, either directly or by delegated authority, assigns to the incumbent thereof continuous performance of certain permanent public duties.'

"A position is analogous to an office, in that the duties that pertain to it are permanent and certain, but it differs from an office, in that its duties may be non-governmental and not assigned to it by any public law of the state.

"An employment differs from both an office and a position, in that its duties, which are non-governmental, are neither certain nor permanent.

"The thirty-first section of 'An act to establish in this state boards of health and a bureau of vital statistics, and to define their respective powers and duties.' *Comp. Stat., p.* 2669, provides, among other things, that 'such local boards of health shall have power and authority to appoint such subordinate officers and agents to carry into effect the powers hereby conferred, as they may deem necessary * * *.'

"Section 1 of 'An act for the protection of the public health,' as amended in 1911, first supplement to *Comp. Stat., p.* 776, provides, among other things, that every physician, when called to attend professionally a person suffering with certain designated diseases, "if such sickness be within the limits of the jurisdiction of any local board of health, other than the local board of health of any township, then such physician shall report such sickness to the secretary of the local board of health,' if the board has such secretary; if the board has no such secretary, then the clerk of the board * * * the local board of health may designate some other officer other than the clerk, secretary or assessor, to receive such report.

"The following section of this act, as amended, provides among other things, that it is the duty of such officer to enter

the report in the office of the local board of health and transmit the facts therein stated to the secretary of the board of health of this state.

"The local boards of health are required by chapter 90, laws of 1916, page 177, on or before the 1st day of February of each year, to prepare an annual report for the preceding calendar year of the condition of the public health, and forward a copy of such report to the state director of health.

"The person doing this work to receive $2 for such clerical services.

"Among the regular duties this secretary had to perform were the following: Making reports to the state board of health of diseases as required by chapter 380 of the laws of 1911; compiling the annual report of the board of health; submitting the annual report of the activities of the board of health to the state board of health as required by the laws of the state department of health; issuing the following licenses and permits: ice licenses, scavenger permits, milk licenses, permits to collect fats, dog licenses, permits to transport animals through the city's streets, permits to conduct rummage sales; taking custody of all receipts of the board of health; receiving complaints made to the board of health; ordering investigations thereon, and keeping an accurate record thereof; keeping an accurate account of the proceedings of the board; certifying to the accuracy of claims presented to the board, the performance of all of which said duties was subject to the direction and supervision of the health officer of the city of Bayonne.

"By virtue of the provisions of chapter 166 of the laws of 1917, page 494, the local boards of health have power to pass ordinances and make rules and regulations regarding the public health within their several jurisdictions, as more particularly set forth in the provisions of that act.

"In other words, boards of health are governmental agencies by which the Police law of the state is locally exerted. *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200.

"In the face of the admitted facts as to the regular duties of the secretary of this board, I have reached the conclusion that he held an office, and that information in the nature of

a *quo warranto* is the proper method to determine the rights of the plaintiff to hold that office.

"The only other disputed question is, Does this act of 1922, heretofore mentioned, apply to the office of secretary of the board of health of the city of Bayonne?

"It is admitted in the written stipulation that 'the board of health of the city of Bayonne is a municipal corporation, and the term of office of the secretary thereof is not now fixed by law and has not previously been fixed by law.'

"The plaintiff was an honorably discharged soldier, having served in the late war under the United States government. No charges of improper behavior were made against him, but such removal was caused without charges being preferred and without a hearing.

"As the act of 1922 applies to this case, the defendant has usurped, intruded into and unlawfully holds and exercises the office of secretary of the board of health of the city of Bayonne, to the exclusion of the said plaintiff, and the said plaintiff is rightfully entitled to hold, use and exercise the said office of secretary of the board of health of the city of Bayonne.

"I will prepare and file a *postea* and findings to carry out this memorandum."

For the appellant, *Eugene T. Sharkey.*

For the respondent, *Lazarus, Brenner & Vickers.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Cutler in the Circuit Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.